UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELIX ACON-CHEN,

        *Plaintiff*,

  v.

PETE BUTTIGIEG, *et al.*,

        *Defendants.*

Civil Action No. 24-1529 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiff Felix Acon-Chen, proceeding *pro se*, brings this action against Pete Buttigieg, in his official capacity as Secretary of the Department of Transportation, Merrick Garland, in his official capacity as United States Attorney General, and Matthew Graves, in his official capacity as United States Attorney for the District of Columbia. Dkt. 1 at 1–2. Defendants move to dismiss Acon-Chen's complaint pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5) for insufficient service, and for a more definite statement under Rule 12(e). *See generally* Dkt. 23. Acon-Chen filed an opposition to Defendants' motion to dismiss[1] as well as a motion for summary judgment. Dkts. 25, 26. Based on these submissions, the Court reaches three conclusions:

First, the Court will dismiss Acon-Chen's complaint, which spans hundreds of pages, on the grounds that it is "excessively long, rambling, disjointed, incoherent, [and] full of irrelevant and confusing material," in violation of Federal Rules of Civil Procedure 8 and 10. *Jiggetts v.*

---

[1] The Court notes that Acon-Chen's opposition is 91 pages, with an additional 193 pages of exhibits. Under L.Cv.R. 7(e), an "opposition to a motion shall not exceed 45 pages." Acon-Chen is advised that, absent leave of Court, any additional motions he may file in this District must comply with the page limits set by the Local Rules.

*District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  Although Defendants moved for a more definite statement under Rule 12(e) rather than for dismissal under Rule 8, the standards are related:  a court may grant a motion under Rule 12(e) where the complaint fails to comply with Rule 8.  *McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 35 (D.D.C. 2007); *see also* 5C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1377 (3d ed.) ("[T]he disposition of a Rule 12(e) motion also should take account of the general pleading guidelines set out in Rule 8 and the judicial application of them.").  Here, the Court concludes that Rules 8 and 10, rather than Rule 12(e), provide the most appropriate means of addressing the flaws in Acon-Chen's complaint.

Second, as for Defendants' argument that they were not properly served, Acon-Chen appears to have attached proof of service to his reply brief, showing that the summons and complaint were sent via certified mail to Defendants by a third party.  *See* Dkt. 36-1.  The Court will, accordingly, deny Defendants' motion to dismiss for failure to effect service, but will do so without prejudice.  If the Court's understanding that the summons and complaint were properly served is incorrect, Defendants may renew that motion.

Finally, the Court concludes that Acon-Chen's motion for summary judgment must be denied as premature.  Before moving for summary judgment, Acon-Chen must file a complaint that conforms to the Federal Rules of Civil Procedure and that sets forth one or more coherent claims that put Defendants on fair notice of the substance of his claims and that are sufficiently focused to permit Defendants to answer or move in response.

Because Acon-Chen is proceeding *pro se*, the Court will afford him an opportunity to file an amended complaint.  The Court will, accordingly, **GRANT** Defendants' motion to dismiss,

2

but will permit Acon-Chen to file an amended complaint within 21 days of this Order. Defendants may renew their motion to dismiss for insufficient service to the extent they believe they were not properly served. Finally, the Court will **DENY** Acon-Chen's motion for summary judgment as premature.

A.      **Violation of Rules 8 and 10**

Acon-Chen's complaint violates Rules 8 and 10 of the Federal Rules of Civil Procedure. First, Rule 10(b) provides:

> **Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). When a litigant—even a *pro se* litigant—fails to comply with Rule 10(b), the court may dismiss the complaint. *See, e.g.*, *Ferrell v. Fudge*, No. CV 21-01412 (CKK), 2023 WL 2043148, at *7 (D.D.C. Feb. 16, 2023); *Lacy v. Tenn. Civ. Rule 15g Third Party*, No. CV 22-3537 (JMC), 2022 WL 17735643, at *2 (D.D.C. Dec. 16, 2022); *Estrada v. Fed. Rsrv. Bank An Fed. Rsrv. Chairman*, No. 21-CV-528 (TSC), 2021 WL 2935890, at *1 (D.D.C. July 13, 2021); *Nastri v. Kerner*, No. CV 20-1334 (CKK), 2020 WL 12979216, at *2 (D.D.C. Oct. 19, 2020). Rule 10(b) ensures that a plaintiff breaks his or her complaint down into a series of discrete factual allegations, which the defendant must, in turn, admit or deny. When a plaintiff fails to comply with Rule 10(b), and instead combines his or her allegations in single, running narrative, the defendant is left at a loss with respect to how to answer. A general denial is permitted only when the defendant, in good faith, intends "to deny all the allegations of a pleading," Fed. R. Civ. P. 8(b)(3), a prospect that is seldom possible. And, in all other cases, the defendant must "either specifically deny designated allegations or generally deny all except those

3

specifically admitted," *id.*, a prospect that is both daunting and riddled with potential pitfalls when the plaintiff fails to comply with Rule 10(b).

Acon-Chen's complaint is a prime example of why compliance with Rule 10(b) is so important. The complaint is not organized in numbered paragraphs, and instead consists of a haphazard assortment of rambling, single-spaced paragraphs and bullet points. *See, e.g.*, Dkt. 1-3 at 12–20. Moreover, it is "impossible" for the Court to determine the factual bases of Acon-Chen's claims. *Jiggetts*, 319 F.R.D. at 415. By any measure, the complaint fails to comply with Rule 10(b).

The Court recognizes that a *pro se* litigant's pleadings are held to less stringent standards than the standard applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even *pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), particularly where, as here, the plaintiff's failure to comply disadvantages the opposing party.

For similar reasons, the complaint also fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint contain "a short and plain statement of the grounds" upon which the Court's jurisdiction depends, "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the plaintiff's claim, sufficient to prepare an answer or responsive motion, to conduct an adequate investigation of the facts, and to determine whether the doctrine of res judicata applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "When a complaint 'contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal

comments[,]' it does not fulfill the requirements of Rule 8." *Ferrell*, 2023 WL 2043148, at *7 (alterations in original) (quoting *Jiggetts*, 319 F.R.D. at 413). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Id.* (quoting *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014).

Acon-Chen's complaint fails to comply with the minimal pleading standard set forth in Rule 8(a). The complaint spans over two hundred pages, not counting the hundreds of additional pages of exhibits he filed and incorporates by reference. *See generally* Dkts. 1, 4–13. The complaint alleges national origin discrimination and appears to reference various issues related to Acon-Chen's employment. Dkt. 1 at 6. But Acon-Chen's allegations are vague and cryptic: he asserts that "Defendants" "sabotage[d]," "[h]arassed," and "defame[d]," him; "[e]xecuted attacks" on him; "[c]reated a false pattern of firable [sic] misconduct to eventually fire the Plaintiff under fraudulent false pretenses," among other things. Dkt. 1 at 5. As Defendants correctly observe, Acon-Chen provides no intelligible information about when or where these events occurred, nor does he allege *which* Defendant "is responsible for each supposedly discriminatory act." Dkt. 23 at 12.

In light of these circumstances, and Acon-Chen's *pro se* status, the Court will dismiss the complaint and provide an opportunity for Acon-Chen to file an amended complaint. *See Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 72 (D.D.C. 2015). Acon-Chen is advised, however, that assuming he intends to bring an employment discrimination claim, his amended complaint must provide a "short and plain" statement setting forth: (1) the adverse actions serving as the basis for his complaint, (2) the specific dates and circumstances of those adverse actions, (3) the alleged unlawful basis for the adverse action (e.g., race discrimination, retaliation), (4) the person or persons allegedly responsible for each alleged adverse action; and

(5) the facts supporting that the adverse actions were taken pursuant to a discriminatory purpose or other unlawful motive.

### B.     Improper Service of Process

Defendants also seek dismissal on the basis of improper service because Acon-Chen's proof of service indicates that he mailed the summons and complaint himself.  Dkt. 23 at 10–11; *see* Dkt. 14 at 2 ("I, Felix Acon-Chen, hereby declare that . . . I mailed a copy of the summons and complaint . . . ."); *see also id.* at 3–4.

Acon-Chen, however, has attached to his reply what appears to be a new proof of service.  *See* Dkt. 36-1.  And unlike his prior proof of service, the exhibit indicates that service was effected by a third party.  *Compare* Dkt. 14, *with* Dkt. 36-1.  Accordingly, the Court will not dismiss on this ground, but will permit Defendants to renew their motion to dismiss for insufficient service to the extent Defendants believe they have not been properly served.

### C.     Motion for Summary Judgment

Finally, the Court concludes that Acon-Chen's motion for summary judgment is premature.  Although Rule 56 permits a party to "file a motion for summary judgment at any time until 30 days after the close of all discovery," the Rule permits the Court to "order[] otherwise."  Fed. R. Civ. P. 56(b).  Here, Acon-Chen needs to clear the bar of filing a complaint that complies with Rules 8 and 10 before moving for summary judgment.  For the same reason that Defendants cannot be expected to answer or move in response to a rambling and cryptic complaint that, along with the attached exhibits, occupies many hundreds of pages, they cannot be expected to defend that same, ill-defined case at summary judgment.

The Court will, accordingly, deny Acon-Chen's motion for summary judgment as premature.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss, Dkt. 23, is **GRANTED**. It is further **ORDERED** that, within 21 days from the issuance of this Order, Plaintiff Acon-Chen may file an amended complaint that cures the deficiencies the Court has identified. Defendants may renew their motion to dismiss for insufficient service if appropriate. Finally, the Court will **DENY** Acon-Chen's motion for summary judgment as premature.

Although the Court is providing Acon-Chen with the opportunity to file an amended complaint, the Court cautions that, if he accepts this opportunity, he must comply with the Federal Rules of Civil Procedure, including the requirements that the amended complaint contain "(1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). In addition, his complaint must "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Ultimately, Defendants must be able to understand the nature of each separate claim asserted and the distinct factual allegations that support each claim, and they must be able to answer the complaint by admitting or denying the separately numbered, distinct factual allegations. Finally, the amended complaint must be concise. To assist Acon-Chen in understanding what that means, the Court will direct that (absent obtaining relief from the Court upon a proper showing) his complaint should not exceed 30 pages.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: October 5, 2024